*Dated: 6/15/2022* [signature]

*GRANTED. NO OBJECTIONS HAVE BEEN FILED. THIS CASE IS HEREBY DISMISSED AND THE HEARING SET FOR JUNE 17, 2022 IS CANCELED.*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | Chapter 11, No. 21-30091-EDK |
| MT. TOM COMPANIES, INC. | |
| Debtor | |

**EXPEDITED ASSENTED TO MOTION TO DISMISS CHAPTER 11 CASE**

Now comes the Debtor, MT. TOM COMPANIES, INC. ("Debtor"), by and through its counsel, GOLDSMITH, KATZ & ARGENIO, P.C. ("GKA") and, pursuant to Section 1112 of the Bankruptcy Code, Bankruptcy Rules 1017 and 2002, and MLBR's 1017-1, 2002-1 and 9013-1(g), requests the entry of an Order dismissing the Chapter 11 case. In support of this Motion and the request that it be heard on an expedited basis, the Debtor respectfully represents as follows:

1. On March 25, 2021, the Debtor filed a Voluntary Petition ("Case") seeking relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is the owner of approximately 16.41 acres of land in Holyoke, Massachusetts (the "Real Property"). The Real Property was most recently operated as a quarry, although the quarry operations ceased in 2012.

3. In 2002, the Debtor as part of a major land acquisition project granted the Massachusetts Department of Environmental Management, n/k/a Massachusetts Department of Conservation and Recreation an option to purchase the Real Property for nominal consideration on or after September 1, 2012 ("Option"). The Option was never recorded at the Registry of Deeds.

4. A precipitating factor in the filing of the Chapter 11 case was the Commonwealth of Massachusetts by and through its Department of Conservation and Recreation ("DCR") seeking to exercise the Option.

5. The Debtor through the bankruptcy filing intended to seek an order from this Court voiding the Option under the Bankruptcy Code's strong-arm power on the grounds that the DCR failed to record the Option at the Registry of Deeds or, alternatively, to "reject" it as an executory contract. Moreover, despite the DCR's contention and noted below, the Debtor submits that this Case presents more than a two-party dispute.